IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEO ARCHER,

        Plaintiff,                          No. CIV S-08-0157 LEW JFM P

    vs.

UNITED STATES OF AMERICA, et al.,

        Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a civil committee proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. Because plaintiff is a civil committee and not a "prisoner" as defined by 28 U.S.C. § 1915(h), the court will waive the initial civil filing fee. See Page v. Torrey, 201 F.3d 1136, 1139-40 (9th Cir.2000).

        A complaint filed by any person proceeding in forma pauperis is subject to sua sponte dismissal to the extent it is legally "frivolous or malicious," fails to state a claim upon

1

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001)(per curiam)("the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.")

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Plaintiff names the United States of America and the United States District Court as defendants. Plaintiff complains that he attempted to remove his action (docket no. VC 50020/FC 49875) from Solano County court to this court pursuant to 28 U.S.C. § 1446(a). (Complt. at 4.) Plaintiff states "Judge Harry S. Kinnicutt has refused to allow such filing to be submitted within case no. VC50020/FC 49875." (Complt. at 4.) Plaintiff seeks one million dollars from the United States government for "deprivations and lack of protections" or, in the alternative, that preliminary injunctive and declaratory relief be ordered in removing VC 50020/FC 49875 from the trial court to the United States District Court for the Eastern District of California. Plaintiff has submitted 471 pages of documents for this court's consideration.

However, court records reflect that on December 10, 2007, plaintiff filed his motion for removal in this court. (MISC S-07-0134 LEW CMK ).[1] Plaintiff submitted 470 pages for the court's consideration in that case. Indeed, it appears that page 2 of that filing is the same document appended to the instant complaint herein. (Compare to page 7, et seq., Ex. 1-A.) Court records reflect that the court has not yet ruled on plaintiff's December 10, 2007 filing.

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Because plaintiff has already filed his motion for removal, plaintiff may not attempt to litigate that question in this action. Despite the fact that plaintiff has named two different defendants in the instant action, it is clear from his filing that he is attempting to obtain a ruling on his motion to remove his state court action to federal court in the instant action. Due to the duplicative nature of the present action, the court will recommend that the complaint be dismissed.[2]

IT IS HEREBY ORDERED that plaintiff's January 23, 2008 request for leave to proceed in forma pauperis is granted.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice. See Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 6, 2008.

UNITED STATES MAGISTRATE JUDGE

/001; arch0157.56

---

[2] Plaintiff should direct his concerns about his removal motion to his pending action, MISC S-07-0134 LEW CMK.

3